UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Brent Allen Heath,

                Petitioner,

    v.

Jeffrey A. Uttecht,

               Respondent.

CASE NO. 3:20-cv-06223-MJP-DWC

REPORT AND RECOMMENDATION

Noting Date: April 23, 2021

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed his amended federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1, 4. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice. The Court also recommends the Motion to Exhaust State Remedies (Dkt. 5) be denied as moot.

# BACKGROUND

Petitioner is in custody under a state court judgment and sentence imposed for his conviction of one count of aggravated first-degree murder with use of a firearm. Dkt. 11, Exhibit 1. The superior court sentenced Petitioner on June 26, 2006 to life without the possibility of parole. Dkt. 11, Exhibit 1.

Petitioner appealed his conviction and sentence by raising three claims related to the sufficiency of the evidence and constitutionality of the applicable aggravating factor. Dkt. 11, Exhibit 4, 5, 6. The Washington Court of Appeals affirmed Petitioner's conviction and sentence. Dkt. 11, Exhibit 6. On October 1, 2008, the Washington Supreme Court denied the petition for review. Dkt. 11, Exhibit7. The Washington Court of Appeals issued its mandate on October 14, 2008. Dkt. 11, Exhibit 8. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

On December 17, 2020, Petitioner filed this Petition pursuant to § 2254. *See* Dkt. 1, 4. Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 4. On March 3, 2021, Respondent filed an Answer, wherein he maintains the Petition is time-barred and should be dismissed with prejudice. Dkt. 10, 11. In the alternative, Respondent argues the Petitioner is unexhausted and procedurally barred. *Id.* Petitioner did not file a traverse.

I.     Discussion

    A. *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of

"the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."

A direct review concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner filed a direct appeal challenging his conviction and sentence. Dkt. 11, Exhibits 4, 5, 6, 7, 8. The Washington Supreme Court denied review on October 1, 2008. *Id*. at Exhibit 7. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, making his direct appeal final on December 30, 2008, the date the time for filing a petition for certiorari expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment).

The AEDPA limitations period began running on December 31, 2008. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final). The one-year statute of limitations expired on December 31, 2009. Petitioner did not file the Petition until December 17, 2020, well after the limitations period expired. *See* Dkt. 1.

B.  *Statutory and Equitable Tolling*

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, Petitioner did not a collateral challenge in state court, and thus, statutory tolling does not apply.

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner

at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner argues the State of Washington denied his rights, but does not argue he is entitled to equitable tolling. Dkt. 4 at 15. Petitioner fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 4. Therefore, Petitioner fails to show he is entitled to statutory or equitable tolling, and the Petition is barred by the AEDPA limitations period.

C.  *Exhaustion*

Respondent also argues the Petition is not properly exhausted and procedurally barred. Dkt. 10. However, because the Court concludes the Petition is untimely, the Court declines to consider Respondent's alternative grounds for denying habeas corpus relief.

II.  **Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### III. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

### IV. Conclusion

The Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied. The Court also recommends denying the pending Motion to Exhaust State Remedies (Dkt. 5) as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 23, 2021 as noted in the caption.

Dated this 8th day of April, 2021.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6